**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JAMES JOHNSON
#12406                                                                                                          PLAINTIFF

v.                                            3:22CV00023-KGB-JTK

M. MCCLAIM, et al.                                                                                    DEFENDANTS

**ORDER**

James Johnson ("Plaintiff") is an inmate who filed a Motion to Proceed In Forma Pauperis ("IFP Motion") to commence a pro se federal civil rights action without prepayment of the $402 filing fees and costs. (Doc. No. 1).[1] Plaintiff's IFP Motion (Doc. No. 1) is DENIED because he has not included the necessary financial information in support.

According to the Prison Litigation Reform Act ("PLRA"), **a prisoner who is allowed to file a civil action in forma pauperis still must pay the full amount of the $350 filing fee.** See 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. **If the case is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner.**

Under the Act, in order for the Court to determine how the $350 filing fee will be paid, **the prisoner is required to submit a certificate and calculation sheet prepared and signed by**

---

[1] Effective December 1, 2020, the civil filing fee increased to $402, due to the implementation of a $52 administrative fee. This $52 fee does not, however, apply to plaintiffs who are granted in forma pauperis status.

**an authorized official of the incarcerating facility.** This calculation sheet reflects the deposits and monthly balances in the inmate's trust account at the facility during the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). However, the Act also provides that in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

In his Motion, Plaintiff says that he cannot "get the M.C.D.C. staff member to fill out [his] paper[s]." (Doc. No. 1 at 3). The Court will bring this issue to the attention of the Administrator of the Mississippi County Detention Center.

IT IS, THEREFORE, ORDERED that

1. Plaintiff's IFP Motion (Doc. No. 1) is DENIED without prejudice.

2. If Plaintiff wishes to proceed with this lawsuit, he must either pay the $402 statutory filing fee or submit a completed IFP Motion, with the required certificate and calculation sheet **signed by an authorized official of the incarcerating facility**, within thirty (30) days of the entry date of this Order.[2]

3. The Clerk of the Court is directed to send Plaintiff an in forma pauperis application and calculation sheet.

4. The Clerk of the Court is further directed to send a copy of this Order to the Administrator of the Mississippi County Detention Center, 689 North County Road 599, Luxora, AR 72358.

---

[2] Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: ". . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

3

IT IS SO ORDERED this 31st day of January, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE